UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
JOSEPH CUNNINGHAM,

        Plaintiff,                    **ANSWER & AFFIRMATIVE**
                                       **DEFENSES**

        - against -
                                  **08-CIV-4307(KEM)**

METRO-NORTH COMMUTER RAILROAD,

        Defendant.
----------------------------------------X

        Defendant Metro-North Commuter Railroad Company i/p/a Metro-North Commuter Railroad, ("Metro-North" or "defendant"), by and through its attorneys, Landman Corsi Ballaine & Ford P.C., for its Answer to plaintiff's Complaint herein states as follows:

**GENERAL ALLEGATIONS**:

## PARTIES

        1.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

        2.   Defendant admits the allegations contained in Paragraph 2.

## JURISDICTION AND VENUE

        3.   Defendant avers that Paragraph 3 contains conclusions of

law to which no response is required.  To the extent a response is required, the allegations are denied, except Defendant admits that plaintiff purports to invoke the Court's jurisdiction pursuant to the statutory sections cited in Paragraph 3.

4.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, except Defendant admits that plaintiff attached to his complaint a purported Dismissal and Notice of Right letter mailed to him by the U.S. Equal Employment Opportunity Commission ("EEOC") on February 12, 2008.

5.   Defendant avers that Paragraph 5 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied, except defendant admits that plaintiff purports to invoke the Court's jurisdiction pursuant to the statutory sections cited in Paragraph 5.

6.   Defendant avers that Paragraph 6 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied, except Defendant admits that plaintiff purports that venue is proper in this Court pursuant to the statutory authority cited in Paragraph 6.

**FACTS**

7.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 7, except admits that Metro-North is a common carrier by rail engaged in interstate commerce and doing business in New York and Connecticut.

8.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, except Defendant admits that, at certain times, plaintiff worked for Metro-North, and denies that Metro-North committed discriminatory acts and/or omissions as alleged in plaintiff's complaint.

9.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11.    Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, except admits that upon information and belief,

plaintiff has been diagnosed as having cryptococcal meningitis.

14.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, except admits that upon information and belief, Dr. Nilo Herrera cleared plaintiff to return to work in January 2006.

17.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, except admits that it received a letter purportedly from Dr. Herrera dated January 10, 2006.

18.    Defendant denies the allegations contained in Paragraph 18, except admits that Dr. Hamway, John Wagner and plaintiff participated in a telephone conference on or about January 19, 2006.

19.    Defendant avers that Paragraph 19 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

20.    Defendant avers that Paragraph 20 contains conclusions of law to which no response is required.  To the extent a response is

required, the allegations are denied.

21.   Defendant avers that Paragraph 21 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

22.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23.   Defendant avers that Paragraph 23 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied, except Metro-North admits it received a letter purportedly from Dr. Herrera dated July 26, 2006.

24.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, except admits that on or about August 2, 2006, after plaintiff repeatedly refused to perform his assigned duties without a reasonable basis to do so, he was removed from service for insubordination.

27.   Defendant lacks knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 27.

28.    Defendant admits the allegations contained in Paragraph 28.

29.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, except denies that plaintiff was denied reasonable accommodations.

30.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, except Defendant admits that following a disciplinary hearing, plaintiff was found guilty of insubordination and suspended without pay for 151 days.

31.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, except Defendant admits that plaintiff appealed the hearing officer's decision.

32.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, except admits that Metro-North requested that plaintiff appear for a routine physical exam prior to his return to work.

33.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 33.

34.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, except admits that plaintiff failed to appear for the physical exam as requested.

35.   Defendant avers that Paragraph 35 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

36.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, except Defendant admits it sustained plaintiff's appeal based on procedural, but not substantive, grounds and paid plaintiff a certain amount for time lost.

37.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, except Defendant denies that it deprived plaintiff of pay, forced him to find new employment and needlessly caused financial hardship to he and his family.

38.   Defendant avers that Paragraph 38 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

39.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

**CAUSE OF ACTION**

### COUNT ONE: VIOLATION OF ADA

Defendant repeats and realleges its answers to the allegations contained in Paragraphs 1 through 39 of the Complaint, as though set forth at length herein.

40.   Defendant avers that Paragraph 40 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

41.   Defendant denies the allegations contained in Paragraph 41.

42.   Defendant denies the allegations contained in Paragraph 42.

### COUNT TWO: RETALIATION UNDER THE ADA

Defendant repeats and realleges its answers to the allegations contained in Paragraphs 1 through 42 of the Complaint, as though set forth at length herein.

43.   Defendant avers that Paragraph 43 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

44.   Defendant denies the allegations contained in Paragraph 44.

45.   Defendant denies the allegations contained in Paragraph 45.

**COUNT THREE: VIOLATION OF NEW YORK HUMAN RIGHTS LAW**

Defendant repeats and realleges its answers to the allegations contained in Paragraphs 1 through 45 of the Complaint, as though set forth at length herein.

46.   Defendant avers that Paragraph 46 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

47.   Defendant avers that Paragraph 47 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

48.   Defendant avers that Paragraph 48 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

49.   Defendant denies the allegations contained in Paragraph 49.

50.   Defendant denies the allegations contained in Paragraph 50.

**COUNT FOUR: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Defendant repeats and realleges its answers to the allegations contained in Paragraphs 1 through 50 of the Complaint, as though set forth at length herein.

51.   Defendant denies the allegations contained in Paragraph 51.

52.   Defendant denies the allegations contained in Paragraph

52.

53.  Defendant denies the allegations contained in Paragraph 53.

### COUNT FIVE: PROMISSORY ESTOPPEL

Defendant repeats and realleges its answers to the allegations contained in Paragraphs 1 through 53 of the Complaint, as though set forth at length herein.

54.  Defendant avers that Paragraph 54 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

55.  Defendant avers that Paragraph 55 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

56.  Defendant denies the allegations contained in Paragraph 56.

57.  Defendant denies the allegations contained in Paragraph 57.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim, in whole or in part, upon which attorney's fees may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim, in whole or in part, upon which compensatory and/or punitive damages may be awarded.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages violates the United States and New York Constitutions.

### FIFTH AFFIRMATIVE DEFENSE

As a public benefit subsidiary of the Metropolitan Transportation Authority performing an essential public function in providing commuter transportation, Metro-North is exempt from the imposition of punitive damages.

### SIXTH AFFIRMATIVE DEFENSE

Any damages, losses, or injuries sustained by the plaintiff were caused by the acts and/or omissions of persons or entities other than this defendant and over whom this defendant exercised no control.

### SEVENTH AFFIRMATIVE

Any claims which plaintiff may have against the answering defendant are barred, or alternatively, must be reduced by virtue of the doctrine of comparative and/or contributory negligence.

### EIGHTH AFFIRMATIVE DEFENSE

Any injuries suffered by plaintiff were caused solely by his own negligence and/or intentional conduct and not by any act or

omission of the defendant.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred in whole or in part by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred to the extent that he failed to exhaust his administrative remedies for some or all of his claims.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred to the extent that he failed to satisfy certain conditions precedent and/or jurisdictional prerequisites, including but not limited to, filing a discrimination charge within the 300 day statutory period.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any claims which plaintiff may have against the defendant are barred by the doctrine of waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any claims which plaintiff may have against the defendant are barred by the doctrine of collateral and/or judicial estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff cause of action is barred by the doctrine of res judicata.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any and all actions taken by Defendant with respect to plaintiff were based on legitimate, non-discriminatory factors, and were made in good faith and in compliance with all applicable laws, without malice, and wholly without regard for plaintiff's alleged disability.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any and all actions taken by Defendant with respect to plaintiff were based on legitimate, non-discriminatory factors, and were in compliance with Metro-North's stated policies, practices and procedures.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any and all actions taken by Defendant with respect to plaintiff were for reasons that were job-related and consistent with business necessity.

## NINETEENTH AFFIRMATIVE DEFENSE

Even if any decision which affected plaintiff's employment was motivated in part by plaintiff's disability or his alleged request for a reasonable accommodation, which it was not, Metro-North would have reached the same decision regardless of plaintiff's disability or his alleged request for a reasonable accommodation.

## TWENTIETH AFFIRMATIVE DEFENSE

If Defendant had an obligation to provide plaintiff with a reasonable accommodation, it did so to the extent required by the

439294.1 DocsNJ                              13

law; any further accommodation purportedly sought by plaintiff was not reasonable and would have caused undue hardship to Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff could not have performed the essential duties of his job even with reasonable accommodation.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged disability was accommodated for above and beyond the requirements of the law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant did not take any action that adversely affected plaintiff's employment.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that the Complaint pleads causes of action under state law, these causes of action are not properly within the pendent jurisdiction of the Court.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, which can be conclusively resolved by reference to a collective bargaining agreement, are precluded and/or preempted by federal law pursuant to the Railway Labor Act, 45 U.S.C. §§ 151, et seq.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged requests for accommodations were unreasonable and violated provisions of the Collective Bargaining Agreement that was in force between his union and Defendant at the

time the alleged requests were made.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for negligent infliction of emotional distress.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's non-FELA claims are barred in whole or in part by the exclusive remedy provided under the Federal Employers Liability Act, 45 U.S.C.A. §§ 51-60.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for promissory estoppel is precluded because the parties' Collective Bargaining Agreement was in full force and effect and conclusively governed the subject matter from which plaintiff's claim for promissory estoppel arises.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for promissory estoppel.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant reserves all rights to add additional affirmative defenses which may be ascertained in the course of discovery in this action.

**WHEREFORE**, defendant Metro-North Railroad Company demands judgment against plaintiff dismissing the complaint and awarding its costs of suit, attorneys' fees and such other relief as the Court deems just and proper.

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD P.C.

By: _____
Roxanna S. Campbell
Attorneys for Defendant
Metro-North Commuter Railroad Company
i/p/a Metro-North Commuter Railroad
One Gateway Center, Fourth Floor
Newark, NJ 07102
(973) 623-2700
(973) 623-4496 (Fax)
rcampbell@lcbf.com

TO:   Joseph P. Sargent, Esq.
      80 Rippowarn Road
      Stamford, CT 06902
      (203) 325-2323
      e-mail: Josephsargent@optonline.com

439326.1 DocsNJ                    16